UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JERONIMO CEDILLO-CEDILLO,

Petitioner,

v.

ATTORNEY GENERAL OF THE
UNITED STATES, *et al.*,

Respondents.

Case No. 26-cv-02246-BAS-VET

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS
(ECF No. 1)**

Petitioner Jeronimo Cedillo-Cedillo filed a habeas petition pursuant to 28 U.S.C. § 2241, requesting a bond hearing.  (ECF No. 1.)  The Government responded to the Petition, stating that it "do[es] not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (ECF No. 4.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within fourteen days.

I.    **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484

- 1 -

(1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner, a Mexican citizen, entered the United States in October 2002 without inspection.  (Petition ¶¶ 1, 2, ECF No. 1.)  Immigration and Customs Enforcement ("ICE") arrested him on March 8, 2026, in the interior of the United States.  (*Id.* ¶ 26.)  Since his arrest, the Department of Homeland Security ("DHS") has refused to grant his request for a bond hearing, presumably relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

The Central District of California certified a class of which Petitioner was initially a member.  *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).  The case essentially overruled *Yajure Hurtado.*  Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225.  *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).  The Government does not oppose an order from the Court directing that a bond hearing be held pursuant to § 1226(a).  (ECF No. 4.)  For all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

//

//

- 2 -

26cv2246

## III.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Jeronimo Cedillo-Cedillo (A#221-420-334) within fourteen days of the date of this Order.  The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within fourteen days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

DATED: April 20, 2026

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv2246